IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN SAMUELS, | No. C 11-3741 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JOHN D. PHILLIPS; JAMES P. WILLETT; LEE V. SHATTUCK; DAVID WELLENBROCK; R. GOODREAU; B. MACIEL; J. PERKINS; | |
| Defendants. | |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a California prisoner proceeding pro se. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that defendants, who are prosecutors and public defenders, violated his constitutional rights in the course of the criminal proceedings that led to the conviction for which he is presently incarcerated. He claims that the prosecutors filed false charges against him, and that the public defenders provided him with ineffective assistance of counsel.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a Section 1983 action must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages arising from a conviction or sentence that

has not been so invalidated is not cognizable under Section 1983. *Ibid.*

When a state prisoner seeks damages in a suit under Section 1983, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. It is clear from the complaint that the conviction has not been invalidated, so it fails to state a cognizable claim under Section 1983 and must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August   29   , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\SAMUELS3741.DSM.wpd